IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY WAYNE MINCHEY (#126071553), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-1066-E-BN |
| LASALLE SOUTHWEST CORRECTIONS, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bradley Wayne Minchey, an inmate at the Johnson County jail, filed this *pro se* civil rights action concerning conditions of his confinement. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. And the Court has granted Minchey leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 6.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Minchey's complaint without prejudice to his filing an amended complaint that cures all deficiencies noted below within a reasonable period of time to be set by the Court.

Where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial

screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The fails-to-state-a-claim language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), and neither the PLRA nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir.

2014)).

Here, Minchey requests *only* damages ($300,000.00 – $100,000.00 each for "pain and suffering"; "mental rehabilitation"; and "doctor/psychiatrist bills") based on an allegation that his constitutional right against cruel and unusual punishment has been violated by the lighting in his segregation cell. *See* Dkt. No. 3.

> I have been confined in a segregation cell for 32 days where the lights in the cells never turn off or never dim down. They are on 24/7 and are very bright. I have lost track of the days. I never know if [it's] day or night and never know if another day has passed. Since I have been in this cell I have had very little sleep and feel like my mental stability is decreasing due to the serious strain on my brain and mind.

*Id.* at 1.

But he fails to allege a physical injury based on these conditions, which is significant, because, under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e); *see, e.g., Bernard v. Tong*, 192 F.3d 126, 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA." (citations omitted)).

Minchey's request for $300,000.00 in compensatory damages should therefore be dismissed. *See, e.g., Barrett v. Washington Cnty., Miss.*, No. 4:07CV14-P-A, 2007 WL 47497, at *1 (N.D. Miss. Feb. 9, 2007) ("The plaintiff's case must be dismissed because he has suffered no physical injury. A *pro se* prisoner plaintiff in a case filed

under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case, the plaintiff has alleged no physical injury, and, indeed, could not reasonably do so given the nature of this claim. Therefore, monetary damages are not available to him. Further, as he has not requested injunctive relief, no relief is available to him, and the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted."); *cf. Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("The underlying claim of an Eighth Amendment violation, however, is distinct from this claim for resulting emotional damages. Section 1997e(e) prohibits only recovery of the damages Harper seeks absent a *physical* injury. He also seeks a declaration that his rights have been violated, and he requests injunctive relief to end the allegedly unconstitutional conditions of his confinement; these remedies survive § 1997e(e). We must address, therefore, whether Harper states a nonfrivolous Eighth Amendment claim." (citation and footnote omitted)).

But, to the extent that Minchey may recover nominal or punitive damages, which would not be barred under Section 1997e(e) where there is no physical injury, *see Hutchins v. Daniels*, 512 F.3d 193, 198 (5th Cir. 2007) (per curiam), Minchey has not alleged a plausible constitutional violation.

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the

Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment," *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

The United States Court of Appeals for the Fifth Circuit has addressed complaints of continuous cell lighting in the context of the Eighth Amendment and began

> by recognizing that while the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain. A two-part test determines whether a prisoner has established a constitutional violation. First, there is an objective requirement to demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. "The second requirement follows from the principle that only the *unnecessary* and wanton infliction of pain implicates the Eighth Amendment." Accordingly, while conditions of confinement that constitute severe deprivations without penological justification violate a prisoner's rights under the Eighth Amendment, a prison regulation that infringes upon a prisoner's constitutional rights will be upheld if it is reasonably related to legitimate penological interests. Moreover, prison officials are not required to adopt the policy least restrictive of prisoners' rights, so long as the policy itself is reasonable.
> This court has recognized that sleep constitutes a basic human need. Even assuming arguendo that Chavarria has alleged conditions

> leading to a sleep deprivation sufficiently serious to be cognizable under the Eighth Amendment, Chavarria cannot establish an Eighth Amendment violation because he cannot show that his deprivation is unnecessary and wanton.

*Chavarria v. Stacks*, 102 F. App'x 433, 435-36 (5th Cir. 2004) (citations and footnote omitted).

Similarly, Minchey has not alleged facts to show (or provided factual content from which the Court may infer) that the cell lighting policy (1) was implemented with deliberate indifference to him (or other inmates) and (2) is not related to a legitimate penological. *See, e.g., id.* at 436 (observing that a "policy of constant illumination [can be] reasonably related to the legitimate penological interest of guard security").

**Recommendation**

The Court should dismiss Plaintiff Bradley Wayne Minchey's complaint under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) without prejudice to his ability to file an amended complaint that cures all deficiencies noted above within a reasonable period of time to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE