IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY WAYNE MINCHEY, #126071553, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-1066-E-BN |
| LASALLE SOUTHWEST CORRECTIONS, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Bradley Wayne Minchey, an inmate at the Johnson County jail, filed this *pro se* civil rights action concerning conditions of his confinement. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. The Court has granted Minchey leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 6. It then dismissed his initial complaint without prejudice to his filing an amended complaint that cures all deficiencies noted in the undersigned's May 20, 2020 findings, conclusions, and recommendation. *See* Dkt. Nos. 7 & 8.

Minchey has now filed an amended complaint. *See* Dkt. No. 9. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice.

Where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a

> district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The fails-to-state-a-claim language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).
>
> Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), and neither the PLRA nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).
>
> "Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

*Minchey v. LaSalle Sw. Corrs.*, No. 3:20-cv-1066-E-BN, 2020 WL 3065937, at *1 (N.D. Tex. May 20, 2020), *rec. accepted*, 2020 WL 3064803 (N.D. Tex. June 8, 2020) ("*Minchey I*").

For the 26 days that he alleges he spent in a segregation cell ("Brown cell 20 at the Johnson County Jail") "where the lights never turned off or dimmed," thus depriving him "of basic human needs such as sleep," Dkt. No. 9 at 1, Minchey again requests only monetary damages, totaling $300,000.00. *Compare id.* at 2, *with* Dkt. No. 3 at 2. But he again fails to allege a physical injury based on these conditions, which, again, is significant, because, under the PLRA, "[n]o Federal civil action may

be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e); *see, e.g., Bernard v. Tong*, 192 F.3d 126, 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA." (citations omitted)).

The Court should therefore again dismiss Minchey's request for $300,000.00 in compensatory damages. *See Minchey I*, 2020 WL 3065937, at *1-*2.

As to his ability to recover nominal or punitive damages, which would not be barred under Section 1997e(e) where there is no physical injury, *see Hutchins v. Daniels*, 512 F.3d 193, 198 (5th Cir. 2007) (per curiam), the Court previously found that Minchey had "not alleged facts to show (or provided factual content from which the Court may infer) that the cell lighting policy (1) was implemented with deliberate indifference to him (or other inmates) and (2) is not related to a legitimate penological," *Minchey I*, 2020 WL 3065937, at *3 (citing *Chavarria v. Stacks*, 102 F. App'x 433, 436 (5th Cir. 2004)).

> In his amended complaint, Mincey adds that the jail
>
> knew the lights stayed on 24/7 and told us the reason was because they never installed a way to turn them down or off when they added this cellblock. Since filing this civil suit they have fixed the lights in cellblock Brown to where they turn off at night. Proving that the constant cell lighting was unnecessary and not due to penological interest of guard security.

Dkt. No. 9 at 2.

But, even if the Court can draw that inference from the amended facts Minchey now alleges, he fails to allege facts from which the Court may infer that the previous lighting policy was implemented with deliberate indifference, particularly because the jail has remediated the conditions Minchey has complained about. *See, e.g., Martin v. Emmanuel*, No. 19 CV 1708, 2019 WL 4034506, at *1 (N.D. Ill. Aug. 27, 2019) (concluding that "allegations raise an inference of deliberate indifference" where "the City knows that its shelters are disproportionately likely to turn away people with disabilities, and the City has nonetheless failed to fix that disparity" (emphasis omitted)); *see also Chavarria*, 102 F. App'x at 435-36 ("The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain. A two-part test determines whether a prisoner has established a constitutional violation. … Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. "The second requirement follows from the principle that only the *unnecessary* and wanton infliction of pain implicates the Eighth Amendment." (citations omitted); *cf. Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) ("As a pretrial detainee contesting the conditions of her confinement, Cadena's § 1983 claim invokes the protections of the Fourteenth Amendment. The standard is the same as that for a prisoner under the Eighth Amendment." (citations omitted)); *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on the Supreme Court's Eighth Amendment

precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference." (citations omitted)).

## Recommendation

The Court should dismiss Plaintiff Bradley Wayne Minchey's amended complaint with prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 9, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE